Schuyler G. Carroll (SC-1234)
Adrienne W. Blankley (AB-9412)
ARENT FOX FOX LLP
1675 Broadway
New York, New York 10019
(212) 484-3900

Attorney for Roy Babitt, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

In re:

WILLIAM CHARLES BACE,

       Debtor.

---------------------------------------------------------X

Roy Babitt, Chapter 7 Trustee of the Estate
of William Charles Bace,

       Plaintiff,

  v.

WILLIAM CHARLES BACE, CHARLES
W. BACE SR., CHARLES W. BACE JR.,
JOHN C. BACE and JENNIFER BACE AS
HEIR TO TIMOTHY BACE,

       Defendants. X

---------------------------------------------------------

Chapter 7

Case No. 05-42446 (RDD)

Adv. Pro. No. 07-_____

## COMPLAINT

Roy Babitt, Chapter 7 Trustee (the "Trustee") of the Estate of William Charles Bace (the "Debtor"), by his attorneys, Arent Fox LLP, states upon information and belief:

## NATURE OF THE ACTION

1. William Charles Bace, Charles W. Bace Sr., Charles W. Bace Jr., John C. Bace and Jennifer Bace as heir to Timothy Bace (the "Defendants") are joint owners of two parcels of property located at 37 D ("Parcel 2") and 37 E ("Parcel 1") Gardiners Lane in Hampton Bays,

NYC/335367.4

New York (collectively, the "Property"). The Trustee seeks an order from this Court compelling the sale of the Property pursuant to Sections 363(f) and 363(h) of 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Chapter 81, Article 9 of the New York Real Property Actions and Proceedings Law (the "New York RPAPL") free of the claims and interests, if any, of the Defendants and their heirs. It is expected that the Estate's share of the proceeds of this sale will be sufficient to pay creditors a dividend. Absent such a sale, however, the creditors will not receive any distribution.

2. The Property consists of two adjacent parcels of land, with Parcel 1 located on the water is owned jointly by the Defendants. The Debtor and Charles Bace Jr. each hold a life estate in the adjacent Parcel 2, with the remainder interest being held by the last survivor.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this complaint pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges for the Southern District of New York, dated July 10, 1984 (Ward, acting C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). The venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought are Section 363(h) of the Bankruptcy Code, Bankruptcy Rule 7001(3) and Chapter 81, Article 9 of the New York RPAPL.

## THE PARTIES

4. On or about March 13, 2006, Roy Babitt was appointed Chapter 7 Trustee and is acting in that capacity.

5. William Charles Bace is the Debtor.

6. Charles W. Bace Jr. ("Charles Bace") is the non-debtor brother of the Debtor and resides at 771 Amber Drive, Marco Island, Florida 34143.

7. Charles W. Bace Sr. and John C. Bace are deceased relatives of the Debtor and Charles Bace. Other than the living Defendants, the Trustee is not aware of any heirs to Charles W. Bace Sr. or John C. Bace that have an interest in the Property. This complaint seeks to sell the Property free of those interests, to the extent they exist.

8. Jennifer Bace ("Jennifer Bace") is the widow of Timothy Bace, the deceased brother of the Debtor.

## BACKGROUND

9. On October 16, 2005, the Debtor filed a voluntary petition for relief under Chapter 13 of Title 11, §§ 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York. On March 10, 2006, the case converted to a case under Chapter 7.

Parcel 1

10. According to that certain deed recorded as of July 24, 1981, Cecelia Glazer granted ownership of Parcel 1 to John C. Bace. Attached as **Exhibit A** is a copy of the deed.

11. A search of the Suffolk County public records performed on April 20, 2007, lists John C. Bace as the last owner of Parcel 1. Attached as **Exhibit B** is the Commonwealth Land and Title Insurance Company Special Search dated April 20, 2007.

12. The Defendants inherited Parcel 1 from the estate of John C. Bace.

Parcel 2

13. According to that certain deed recorded as of May 24, 1999, Charles W. Bace Sr. granted a life estate in Parcel 2 to himself, the Debtor, Charles Bace, John C. Bace and Timothy C. Bace with the remainder interests to the last survivor. Attached as **Exhibit C** is a copy of the deed.

14. A search of the Suffolk County public records performed on April 20, 2007, lists the parties set forth in paragraph 10 as the last owners of Parcel 2. Attached as **Exhibit D** is the Commonwealth Land and Title Insurance Company Special Search dated April 20, 2007.

15. Except for the Debtor and Charles Bace, the persons named on the deed for Parcel 2 are deceased.

16. Schedule A to the Petition lists the Debtor as joint owner of the Property valued at $200,000 with no mortgages against the Property.

17. Schedule D to the Petition, lists three secured claims totaling $132,000.00 and consisting of claims by: (1) the Bontecou Family Trust in the amount of $55,000.00, (2) Sidley & Brenda Reiss in the amount of $57,000.00 and (3) Martin, Melzer, Melzer & Co. in the amount of $20,000.00. The Trustee does not have specific information regarding these claims, but is aware of no manner in which these allegedly secured claims are perfected against the Property.

18. Schedule E to the Petition lists $5,262.62 in unsecured priority tax claims and Schedule F lists unsecured non-priority claims in the amount of $191,107.00.

19. The Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power. Furthermore, no one currently resides on the Property.

## FIRST CLAIM FOR RELIEF

20. The Trustee repeats and re-alleges the allegations contained above, as if fully set forth herein.

21. The Trustee seeks to sell the interests of the Estate and the non-debtors in the Property.

22. A partition in kind of the Property among the Estate and the non-debtors or a separate sale of Parcels 1 and 2 is impracticable and will have a negative effect on the interests of the Debtor and the non-debtors.

23. Since the Defendants each hold a life estate and a contingent remainder interest in Parcel 2, the interests of the Debtor and Charles Bace in Parcel 2 are equivalent to joint ownership.

24. The sale of only the Estate's undivided interest in such Property would realize significantly less for the Estate than sale of the whole Property free of the interest of the non-debtors.

25. The benefit to the Estate of a sale of the whole Property free of the interest of the joint owners outweighs the detriment, if any, to such joint owners. The sale of the Property as a whole will realize the highest sale price, and therefore the best return for both the Estate and the joint owners.

26. Accordingly, the Trustee is entitled to sell both the interest of the Estate and the non-debtor joint owners of the Property, pursuant to Section 363(h) of the Bankruptcy Code.

## SECOND CLAIM FOR RELIEF

27. The Trustee repeats and re-alleges the allegations contained in paragraphs 1 through 19 above, as if fully set forth herein.

28. In the alternative, solely if it is determined that the First Claim for Relief may not be granted, the Trustee seeks (a) to sell the interests of the Estate and the non-debtors in Parcel 1 pursuant to Section 363(h) of the Bankruptcy Code and (b) to sell the interests of the Estate and the non-debtors in Parcel 2 pursuant to Section 901 of Chapter 81 of the New York RPAPL.

29. A partition in kind of Parcel 1 among the Estate and the non-debtors is impracticable and will have a negative effect on the interests of the Debtor and the non-debtors.

30. The sale of only the Estate's undivided interest in such Parcel 1 would realize significantly less for the Estate than the sale of Parcel 1 free of the interests of the non-debtors.

31. The benefit to the Estate of a sale of Parcel 1 free of the interest of the joint owners outweighs the detriment, if any, to such joint owners.

32. The benefit to the Estate of selling Parcel 2 concurrently with Parcel 1 outweighs the detriment, if any, to the joint owners. The sale of both parcels will realize a higher sale price and therefore, a higher return for the Estate and the non-debtors.

33. Accordingly, the Trustee is entitled to sell (a) the interests of the Estate and of the non-debtor joint owners of Parcel 1, pursuant to Section 363(h) of the Bankruptcy Code and (2) the interests of the Estate and the non-debtor joint owners of Parcel 2 under Section 901 of Chapter 81 of the New York RPAPL.

## THIRD CLAIM FOR RELIEF

34. The Trustee repeats and re-alleges the allegations contained in paragraphs 1 through 19 above, as if fully set forth herein.

35. In the alternative, solely if it is determined that the First and Second Claims for Relief may not be granted, the Trustee seeks (a) to sell the interests of the Estate and the non-debtors in Parcel 1 pursuant to Section 363(h) of the Bankruptcy Code and (b) a judgment pursuant to Chapter 81, Article 9 of the New York RPAPL Law, partitioning Parcel 2 and ordering a sale of the Estate's interest pursuant to Section 363(f) concurrently with the sale of Parcel 1.

36. The benefit to the Estate of ordering partition and selling Parcel 2 concurrently with Parcel 1 outweighs the detriment, if any, to the joint owners. The sale of Parcel 1 and the Estate's interest in Parcel 2 at the same time will realize a higher sale price and therefore, a higher return for the Estate and the non-debtors.

37. Accordingly, the Trustee is entitled to a judgment of partition of Parcel 2 and to sell the interests of the Estate and the non-debtor joint owners of Parcel 1 pursuant to Section 363(h) of the Bankruptcy Code, concurrently with the Estate's interest in Parcel 2.

## **CONCLUSION**

WHEREFORE, the Trustee respectfully requests entry of a judgment in his favor and against the Defendants, as follows:

    (a)    authorizing the Trustee to sell the interests of the Debtor and non-debtors in Parcel 1 and Parcel 2 under the Bankruptcy Code;

    (b)    if the First Claim for Relief is not granted, authorizing the Trustee to sell (a) the interests of the Debtor and non-debtors in Parcel 1 under the Bankruptcy Code and (b) the interests of the Debtors and non-debtors in Parcel 2 under the New York RPAPL;

    (c)    if the First or Second Claims for Relief are not granted, (1) authorizing the Trustee to sell the interests of the Debtor and non-debtors in Parcel 1 under the Bankruptcy Code, (2) granting a judgment partitioning Parcel 2 under the RPAPL and (3) authorizing the Trustee to sell the Debtor's interest in Parcel 2 concurrently with the sale of Parcel 1;

    (d)    granting attorney fees, interests and costs; and

(e) granting such other, further and different as is just and proper.

Dated: New York, New York
June 15, 2007

ARENT FOX LLP
Attorney for Roy Babitt, Chapter 7 Trustee

By: */s/ Adrienne W. Blankley*
Schuyler G. Carroll (SC-1234)
Adrienne W. Blankley (AB-9412)
1675 Broadway
New York, New York 10019
(212) 484-3900